IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| NICKOLAS MARTINEZ, § | | |
| PLAINTIFF, § | | |
| § | | |
| V. § | | A-20-CV-1105-RP |
| § | | |
| STATE OF TEXAS, § | | |
| DEFENDANT. § | | |

### ORDER

Before the Court is Plaintiff Nickolas Martinez's civil-rights complaint. Plaintiff, proceeding *pro se*, has been granted leave to proceed *in forma pauperis*.

### STATEMENT OF THE CASE

At the time he filed his civil-rights complaint, Plaintiff was confined in the Travis County Correctional Complex. Plaintiff sues the State of Texas. He claims he was disciplined in jail for possession of a deadly weapon. He complains he was indicted for the same conduct and contends this is a violation of the Double Jeopardy Clause. He requests the Court to order the dismissal of his indictment.

### DISCUSSION AND ANALYSIS

A.   Standard Under 28 U.S.C. § 1915(e)

An *in forma pauperis* proceeding may be dismissed *sua sponte* under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal

for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the petitioner's *pro se* status does not offer him "an impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

### B. Eleventh Amendment Immunity

Plaintiff's complaint against the State of Texas is barred by the Eleventh Amendment. The Eleventh Amendment generally divests federal courts of jurisdiction to entertain suits directed against states. *Port Auth. Trans-Hudson v. Feeney*, 495 U.S. 299, 304 (1990). The Eleventh Amendment may not be evaded by suing state agencies or state employees in their official capacities because such an indirect pleading remains in essence a claim upon the state treasury. *Green v. State Bar of Texas*, 27 F.3d 1083,1087 (5th Cir. 1994). Eleventh Amendment immunity applies "unless the suit falls within the narrow exception articulated by the Supreme Court in *Ex Parte Young*," 209 U.S. 123 (1908). The *Young* exception allows a private citizen to sue an individual in federal court for prospective injunctive relief based on allegations that the actor violated federal law. *Id.* at 406.

### C. Double Jeopardy

The exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release is habeas corpus relief. *Preiser v. Rodriguez*, 411 U.S. 475, 488-490 (1973). Even if the Court construed Plaintiff's complaint as a petition for writ of habeas

corpus, the petition is frivolous. Prison disciplinary hearings do not bar future criminal prosecutions. *United States v. Galan*, 82 F.3d 639, 640 (5th Cir. 1996).

## CONCLUSION

Plaintiff's complaint against the State of Texas is barred by the Eleventh Amendment. Plaintiff's request for the dismissal of his indictment is not a proper request for relief in a civil rights complaint. Even if the Court were to construe Plaintiff's complaint as a petition for writ of habeas corpus, it is frivolous.

Generally, before dismissal of a *pro se* complaint, the plaintiff should be afforded an opportunity to amend in an attempt to cure any deficiencies. *Neitzke v. Williams*, 490 U.S. 319, 329 (1989); *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). Leave to amend is not required, however, if the *pro se* litigant has already pleaded his "best case." *Brewster*, 587 F.3d at 768. The Court finds, based upon review of the complaint and applicable law, that any attempt by Plaintiff to amend would be fruitless.

It is therefore **ORDERED** that Plaintiff's complaint against the State of Texas is **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction. To the extent Plaintiff's complaint is construed as a petition for writ of habeas corpus it is **DISMISSED WITH PREJUDICE** as frivolous.

It is further **ORDERED** that Plaintiff is warned, if he files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, he will be prohibited from bringing any other actions *in forma pauperis* unless he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

It is finally **ORDERED** that the Clerk shall e-mail a copy of this order and judgment to the keeper of the three-strikes list.

**SIGNED** on November 10, 2020.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE